IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25–cv–03803–SKC–MDB

MERSAD RAHMANOVIC,

Plaintiff,

v.

SCONSET RESOURCES, LLC,
MARTIN BLOOM, in his capacity as owner/officer of Sconset Resources LLC,
DEANNE R. STODDEN, ESQ., in her capacity as attorney for Sconset Resources LLC, and
MESSNER REEVES LLP,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). (["Motion to Dismiss"], Doc. No. 19.) Plaintiff has filed a response in opposition to the Motion to Dismiss (Doc. No. 20), to which Defendants have replied (Doc. No. 22.) After reviewing the briefing and applicable law, the Court respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED**.

Also before the Court is Plaintiff's Motion for Leave to File a Supplemental Complaint, to Modify the Scheduling Order, and to Join Post-Filing Transferees Pursuant to Fed. R. Civ. P. 15(d), 16(b)(4), 19, 21, AND 25(c). (["Motion to Supplement"], Doc. No. 39.) Defendants are yet to file a response, but the Court finds it unnecessary to await further briefing before making

a recommendation on the Motion to Supplement.[1] After reviewing the briefing and applicable law, the Court respectfully **RECOMMENDS** that the Motion to Supplement be **DENIED**.

**SUMMARY FOR SELF-REPRESENTED LITIGANT**

The Court is recommending Defendants' Motion to Dismiss be granted and your case dismissed. First, the Court finds it is barred from considering whether the foreclosure and eviction process were invalid, requiring the dismissal of many claims. Next, the Court finds that your RESPA claims must be dismissed because the underlying loan was commercial rather than personal. Your constitutional claims must also be dismissed because the complaint does not allege that the Defendants engaged in action attributable to a state or local government, which is required for the types of constitutional claims you bring. Finally, your remaining state law claims must be dismissed because the Amended Complaint fails to present allegations plausibly establishing those claims: your consumer protection claim does not describe any unfair or deceptive act; your negligent servicing claim does not describe wrongful conduct under the law; your breach of contract claim does not point to any part of the agreement that required the notices as you allege; your good faith and fair dealing claim does not describe any specific covenant-breaching conduct by a Defendant; and your emotional distress claims do not describe the kind of extreme conduct, or the fear for your physical safety, that those claims require.

Additionally, the Court is recommending that your Motion to Supplement be denied. The facts and parties you seek to add would not survive the dismissal arguments addressed here, nor

[1] *See* D.C.COLO.LCivR 7.1(d) (saying "a judicial officer [may] ruling on a motion at any time after it is filed").

would they otherwise form viable claims, which means the amendments you seek are futile and the motion should be denied.

This is only a high-level summary of the Court's Recommendation which is set forth in full below, along with information about your right to object.

## BACKGROUND[2]

This matter arises out of an underlying federal bankruptcy proceeding and the foreclosure of Plaintiff's home. (*See generally* Doc. No. 6.)

Plaintiff says he filed for Chapter 13 bankruptcy on April 30, 2025, "triggering the automatic stay under 11 U.S.C. § 362(a)." (*Id.* at 8, ¶ 9.) On May 29, 2025, Defendant Sconset Resources ("Sconset") filed a "Motion for Relief from Stay" in order to conduct foreclosure proceedings on Plaintiff's property.[3] (*Id.* at ¶ 10.) The bankruptcy court denied Sconset's motion and maintained the stay. (*Id.* at ¶ 11.) On July 7, 2025, the bankruptcy court dismissed the case, which Plaintiff acknowledges "terminated" the automatic stay. (*Id.* at ¶ 12.)

On July 9, 2025, Plaintiff filled a "Motion to Reinstate" the bankruptcy proceeding. On July 23, 2025, prior to Plaintiff's reinstatement motion being resolved, Sconset foreclosed on the property. (*Id.* at ¶ 14.) On August 13, 2025, the bankruptcy court granted Plaintiff's reinstatement motion, and reinstated the automatic stay. (*Id.* at 8–9, ¶ 16.) On September 26,

---

[2] This factual background is derived from Plaintiff's operative Amended Complaint. The additions Plaintiff seeks to make through the Motion to Supplement are addressed below.

[3] In the Amended Complaint, Plaintiff describes this property as his "home." (Doc. No. 6 at 8, ¶ 10.) Plaintiff later says "the loan proceeds were partly used for business and the property was formerly rented" but it was Plaintiff's "primary residence" at the time of the foreclosure sale. (*Id.* at 10.) Defendants point to certain documentation to show that Sconset issued Plaintiff a commercial loan to Plaintiff's LLC for the property and that Plaintiff had a tenant at the property but did not personally live there. (Doc. No. 19 at 2, 5.)

2025, the bankruptcy court granted Sconset's "Second Motion for Relief From Stay," which, according to Plaintiff, "authoriz[ed] eviction actions prospectively only." (*Id.* at 9, ¶ 17.) On October 6, 2025, Sconset filed a state court eviction action. (*Id.* at ¶ 18.) The state court granted the eviction request on November 6, 2025. (Doc. No. 19-1.)

Plaintiff contends that "Defendants engaged in actions to obtain possession of the property, including eviction-related communications, filings, or preparations, despite the stay being active." (Doc. No. 6 at ¶ 16.) Plaintiff also alleges that, "[w]hile the October 6 filing itself did not violate the stay... the eviction is wrongful because the underlying foreclosure was contractually void[.]" (*Id.* at ¶ 18.) In connection with this allegedly wrongful conduct, Plaintiff asserts 31 claims for relief. (*Id.* at 9–11.) Claims 1 through 6 allege violations of the bankruptcy rules.[4] (*Id.* at 9–10.) Claims 7 through 12 assert Real Estate Settlement Procedures Act ("RESPA") violations. (*Id.* at 10.) Claims 13 through 16 are civil rights claims brought pursuant to 42 U.S.C. § 1983. (*Id.*) Claims 17 through 31 are various state law claims. (*Id.* at 10–11.) Plaintiff seeks declaratory rulings that the foreclosure and eviction are void, damages, an order quieting title to the property in his favor, and injunctive relief. (*Id.* at 5–6.)

Defendants seek dismissal of all claims. They say Plaintiff's contention that the foreclosure sale and eviction proceedings were void, is barred by issue preclusion. Therefore, all claims stemming from the allegedly invalid foreclosure or eviction, as well as all claims predicated on alleged violations of the bankruptcy rules, must be dismissed. (Doc. No. 19 at 7–

[4] On January 5, 2026, the presiding Judge referred Claim 5, a claim brought under 11 U.S.C. § 362(k) to the bankruptcy court pursuant to D.C.COLO.LCivR 84.1. (Doc. No. 14.)

10, 11–12, 15.) Defendants also argue Plaintiff's allegations fail to state any other plausible claims for relief. (*Id.* at 10–15.)

Plaintiff responds in opposition, and seeks to amend the complaint through the Motion to Supplement. The Court addresses each motion in turn.

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on such a motion, a court accepts all well-pleaded facts as true and views the allegations in the light most favorable to the plaintiff. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). However, the plaintiff bears the burden of presenting a complaint with enough factual details to suggest entitlement to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). Ultimately, courts assess "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### II. Federal Rule of Civil Procedure 15

Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," which should be "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is

generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). There is a general presumption in favor of allowing a party to amend its pleadings, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and the non-moving party bears the burden of showing that the proposed amendment is improper. *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020). Whether to allow amendment is within the trial court's discretion. *Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 978–79 (10th Cir. 1996).

### III. Self-Represented Plaintiff

The Court is mindful that Plaintiff represents himself and thus affords his papers and filings a liberal construction. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). But the Court cannot and does not act as his advocate, *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019), and applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

### I. Issue Preclusion and the *Rooker-Feldman* Doctrine

Defendants first argue that the validity of the foreclosure and eviction proceedings has already been resolved in their favor, barring Plaintiff from seeking an order declaring their invalidity of those proceedings or asserting claims predicated on their invalidity.[5]

[5] Defendants have submitted the state court's eviction order and the bankruptcy court's order addressing Plaintiff's contention that the foreclosure was invalid. (*See* Doc. Nos. 19-1; 19-2.) The Court takes judicial notice of these orders. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605

Issue preclusion bars the re-litigation of an issue of law or fact that was actually determined by a valid and final judgment in a prior proceeding. *Keller Tank Servs. II, Inc. v. Comm'r of Internal Revenue*, 854 F.3d 1178, 1193 (10th Cir. 2017). Issue preclusion involving a federal court applies where:

> (1) the issue previously decided is identical to the present one; (2) the prior action was finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the previous adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the previous adjudication.

*Id.* Issue preclusion involving a Colorado state court order applies essentially the same analysis. *See Boulter v. Noble Energy Inc.*, 74 F.4th 1285, 1289 (10th Cir. 2023) ("Both federal and Colorado law define issue preclusion similarly. And most importantly, the issue preclusion jurisprudence for each share the same four elements." (internal citations omitted)). The party asserting issue preclusion bears the burden of establishing its elements. *Keller Tank Servs.*, 854 F.3d at 1193.

**A. The Foreclosure**

Here, as to the foreclosure, each element of issue preclusion is satisfied. First, Plaintiff squarely raised the foreclosure's validity before the bankruptcy court and that court determined "Sconset's foreclosure of the Property is not void." (Doc. No. 19-2 at 2–3 (finding that because the bankruptcy case was dismissed and no automatic stay was in place when Sconset acquired

---

F.2d 1169, 1172 (10th Cir. 1979) ("[J]udicial notice has been utilized ... when the defending party's motion ... is predicated on affirmative defenses such as ... collateral estoppel[.]"); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("Facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record." (internal citations and quotation marks omitted)).

title on July 23, 2025, and because a reinstated stay is not imposed retroactively, Plaintiff's attempt to undo the foreclosure fails).) Second, though the bankruptcy court's determination did not come in the form of an order adjudicating the entire action on the merits, it nevertheless conclusively decided the validity of the foreclosure. *See* Restatement (Second) of Judgments § 13 (1982) ("[F]or purposes of issue preclusion ... 'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."). Third, Plaintiff is the debtor in the bankruptcy proceedings. (*See* Doc. No. 19-2 at 1.) And finally, Plaintiff had a full and fair opportunity to litigate the issue. Indeed, the bankruptcy court order indicates that Plaintiff initiated consideration of the issue by filing certain emergency motions "assert[ing] that the foreclosure is void because it occurred while the Reinstatement Motion was pending and thus violated the automatic stay." (Doc. No. 19-2 at 2.) Accordingly, litigation of the foreclosure's validity is precluded.

**B. Eviction Issue**

The issue preclusion analysis concerning the eviction is more nuanced. Unlike the bankruptcy court's order addressing the foreclosure's validity, the state court's eviction order does not directly address the validity of the eviction. Instead, it finds Sconset is the rightful possessor of the property. Thus, the issue precluded by the state court order is *rightful possession*, rather than the validity of the eviction itself. But these are two sides of the same coin. The validity of the eviction rests on whether or not Sconset had the right to take possession. Moreover, the foreclosure itself and the litigation over the validity of that foreclosure, underlie Sconset's rightful possession, and by extension, the eviction order. Thus, the preclusion analysis

on the eviction order is coextensive with the preclusion analysis on the foreclosure. *See supra* at 7–8.

But even assuming that issue preclusion does not apply to the eviction challenge, the Court is nevertheless barred from considering the validity of the eviction order by the *Rooker-Feldman* doctrine.[6] The Rooker-Feldman doctrine recognizes that, among federal courts, only the Supreme Court is vested with jurisdiction to review state-court judgments. *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1173 (10th Cir. 2018); *see T. M. v. Univ. of Maryland Med. Sys. Corp.*, 608 U.S. ___, 146 S. Ct. 1739, 1749 (2026) (saying *Rooker-Feldman* "bars suits in federal district court that 'see[k] what in substance would be appellate review of [a] state judgment[.]'" (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–1006 (1994))). The doctrine applies to claims where "(1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the state court judgment." *Bruce v. City & Cnty. of Denver*, 57 F.4th 738, 746 (10th Cir. 2023) (citing *Exxon Mobil*, 544 U.S. at 284). "Where these factors exist, [a federal district court] lack[s] subject matter jurisdiction." *Id.* (citing *Lance*, 546 U.S. at 465).

---

[6] Defendants do not raise the *Rooker-Feldman* doctrine. However, because the doctrine raises questions of subject matter jurisdiction, and because the Court is required to address subject matter jurisdiction concerns *sua sponte*, the Court raises the issue itself. *See Sanchez v. Torrez*, 173 F.4th 1202, 1223 (10th Cir. 2026) ("The Rooker-Feldman doctrine establishes, as a question of subject matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision."); *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 514 (2006))).

Under this standard, *Rooker-Feldman* applies. First, Plaintiff lost in state court. (*See* Doc. No. 19-1.) Second, Plaintiff's injury—loss of possession of his property—was caused by the state court judgment. Third, the state court judgment was issued November 6, 2025 (*id.*), and this case was initiated November 24, 2025. (Doc. No. 1.) Finally, Plaintiff asks the Court to declare the eviction order invalid, an explicit call for the Court to review and reject the state court's judgment. Accordingly, the Court lacks subject matter jurisdiction to consider the validity of the eviction order.[7]

The remaining claims are: RESPA (Claims 7–12), section 1983 (Claims 13–16), Colorado Consumer Protection Act ("CCPA") (Claim 20), negligent mortgage servicing (Claims 21), breach of contract (Claim 22), breach of good faith and fair dealing (Claim 23), and emotional distress (Claims 27–28). The Court addresses these in the following section.[8]

## II. Failure to State a Claim

Plaintiff's allegations fail to establish his remaining claims.

### A. RESPA Claims

---

[7] This preclusion and *Rooker-Feldman* analysis addresses most of Plaintiff's claims. First, the claims predicated on errors in the bankruptcy proceedings (Claims 1–6), as well as claims for wrongful foreclosure (Claim 17), fraudulent foreclosure (Claim 19), conversion (Claim 24), civil theft (Claim 25), slander of title (Claim 26), abuse of process (Claim 29) and request to quiet title (Claim 30), are all direct challenges to—or derivative of Plaintiff's challenge to—the foreclosure and eviction. Second, because under the *Rooker-Feldman* doctrine the court cannot act as a *de facto* appellate court to the state court, Plaintiff's claim for wrongful eviction (Claim 18) cannot proceed. Additionally, Claim 31, which requests declarations that the foreclosure and evictions were invalid, also fails.

[8] Many of Plaintiff's claims are simply enumerated without any explanation for the theory underlying the claim. (Doc. No. 6 at 9–11.) This makes it difficult to determine whether some of these remaining claims are also barred by issue preclusion or *Rooker-Feldman*. However, in light of Plaintiff's self-represented status, the Court construes Plaintiff's pleadings liberally, such that these remaining claims are *not* impacted by issue preclusion or *Rooker-Feldman*.

Claims 7 through 12 assert violations of RESPA pursuant to 12 U.S.C. § 2605 and 12 C.F.R. § 1024. (Doc. No. 6 at 10.) But RESPA "does not apply to credit transactions involving extensions of credit ... primarily for business [or] commercial purposes." 12 U.S.C. § 2606(a)(1). Here, the loan documents—attached to Plaintiff's response and properly before the Court—make plain that this exception applies.[9] The instrument is titled "Commercial Promissory Note," the borrower is RAH Development LLC, and Plaintiff executed the note as RAH's "manager." (Doc. No. 20-1 at 25.) Moreover, the Amended Complaint suggests Plaintiff intended to use the property as an investment and to rent the property to tenants. (*See* Doc. No. 6 at 10 (saying the "the loan proceeds were partly used for business and the property was formerly rented")); *Gonsalves-Carvalhal v. Aurora Bank, FSB*, 2016 WL 5339695, at *5 (N.D. Ga. July 1, 2016) ("Where individuals obtain a mortgage to buy secondary property to rent to other persons, such transactions are for business or commercial purposes, not personal services[.]" (collecting cases)), *report and recommendation adopted*, 2016 WL 5376295 (N.D. Ga. Aug. 10, 2016). The loan was thus an extension of credit to a business entity for a business purpose, and RESPA does not apply. *See W. Ridge Grp., LLC v. First Tr. Co. of Onaga*, 414 F. App'x 112, 119 (10th Cir. 2011) ("RESPA is inapplicable to commercial transactions.").

Plaintiff's allegation that he later lived in the property does not save these claims. When analyzing this issue, courts consider the nature of the transaction itself and the purpose for which

[9] The Court may consider the loan documents in resolving this Motion to Dismiss without converting it to a one for summary judgment, because the loan is referred to in the Amended Complaint, is central to Plaintiff's claims, and its authenticity is not disputed. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997). And indeed, though not attached to the Complaint, the document in question is submitted by Plaintiff himself with the response.

credit was extended. *See Gallegos v. Stokes*, 593 F.2d 372, 375 (10th Cir. 1979) ("Cases considering whether a transaction is primarily consumer or commercial in nature look to the transaction as a whole and the purpose for which credit was extended."). A borrower's subsequent change in the use or occupancy of the collateral does not retroactively transform business-purpose, business entity credit into a consumer mortgage subject to RESPA. *See Hinchliffe v. Option One Mortg. Corp.*, 2009 WL 1708007, at *4 (E.D. Pa. June 16, 2009) ("The mortgagor's residing in a part of a predominantly commercial property does not make the mortgage loan a personal loan."). Thus, the Court recommends dismissal of the RESPA claims.

**B. Section 1983 Claims**

Plaintiff's section 1983 claims should also be dismissed. "To state a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by an individual acting under color of state law." *How v. City of Baxter Springs, Kansas*, 217 F. App'x 787, 791 (10th Cir. 2007) (internal quotation marks omitted). Section 1983 does not reach "merely private conduct, no matter how discriminatory or wrongful." *Id.*

Here, every Defendant is a private actor. Moreover, it is well established that the invocation of state foreclosure and eviction procedures is not state action. *See Lewis v. JP Morgan Chase Bank, Nat'l Assoc.*, 2014 WL 1217948, at *3 (D. Colo. Mar. 24, 2014) ("A private party invoking a state legal procedure does not transform itself into a state actor."), *aff'd sub nom*. *Lewis v. JPMorgan Chase Bank, Nat. Ass'n*, 606 F. App'x 896 (10th Cir. 2015). Because there is no basis for accusing Defendants of taking state action, the section 1983 claims must be dismissed.

**C. State Law Claims**

Finally, Plaintiff alleges certain violations of Colorado statutory and common law. The Court also recommends dismissal of these claims.

Claim 20, the CCPA claim, requires allegations that Defendants "engaged in an unfair or deceptive trade practice[.]" *Henson v. Bank of Am.*, 935 F. Supp. 2d 1128, 1142 (D. Colo. 2013) (quoting *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.,* 62 P.3d 142, 147 (Colo. 2003)). Here, the allegations merely demonstrate Defendants went through judicial channels to effect a foreclosure and eviction, but this does not constitute deceptive practices. At best, Plaintiff's allegations demonstrate that Defendants waited for a window during which the bankruptcy stay was lifted, and/or bankruptcy proceedings were terminated. Plaintiff appears to suggest that Defendants were unfairly strategic and calculated in their approach. But being strategic and calculated is not the same as engaging in deceptive practices. Plaintiff alleges no deception or unfair tactics. In fact, the opposite is true—Defendants waited until foreclosure was legally permissible to proceed.

Plaintiff's negligent mortgage servicing claim, Claim 21, also fails. Put simply, the Amended Complaint does not allege specific facts that amount to a negligent act. Plaintiff merely asserts the negligence claim without stating what any Defendant did or did not do and how that act or omission fell below some standard of care. Plaintiff also does not allege which Defendant was responsible for the alleged negligence, or how the conduct caused Plaintiff harm. The claim rests on the label alone and must be dismissed.[10]

---

[10] To the extent Plaintiff's response asserts new factual allegations that purport to support the claim, the Court has not considered them. It is well settled that a plaintiff may not amend his complaint through argument in an opposition brief, and the Court's review under Rule 12(b)(6)

The Court also recommends the dismissal of Claim 22, the breach of contract claim. Plaintiff contends that Defendants breached the loan agreement by failing to send him any notices of default, acceleration, intent to foreclose, or monthly statements. (Doc. No. 6 at 11.) But as Defendants point out, Plaintiff does not cite to any section of the note that was breached by the alleged lack of notices. (Doc. No. 22 at 8–9.) Instead, Plaintiff relies on a provision that merely describes *how* notice is to be provided, not *when* it is required. (*See* Doc. No. 20-1 at 25 ("Any notice to Borrowers provided for in this Note shall be in writing and shall be given and be effective upon (1) delivery to Borrowers or (2) mailing such notice by first-class U.S. mail[.]").) Moreover, the note seems to waive notice requirements. Indeed, it expressly waives notice as a condition of acceleration. (*Id.* ("If any payment required by this Note is not paid when due... the entire principal amount outstanding and accrued interest thereon shall at once become due and payable at the option of Holder (Acceleration) without notice to Borrowers, notice being hereby expressly waived.").) Further, the note says the borrowers, "waive presentment, notice of dishonor and protest." (*Id.*) Because it is Plaintiff's burden to identify the contractual provision Defendants allegedly breached, and he has identified none, Claim 22 fails.

Plaintiff's claim for breach of the covenant of good faith and fair dealing (Claim 23) also fails. As with his negligent-servicing claim, Plaintiff does no more than name the cause of action. The Amended Complaint identifies no conduct by any Defendant that is said to constitute a breach of the covenant, and accordingly must be dismissed.

---

is confined to the allegations in the operative pleading. *See In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004) ("The plaintiffs may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss.").

Finally, Plaintiff's emotional distress claims (Claims 27–28) also fail. To state a claim for intentional infliction of emotional distress, a plaintiff must allege the defendant "engaged in extreme and outrageous conduct." *Archer v. Farmer Bros. Co.,* 70 P.3d 495, 499 (Colo. Ct. App. 2002), *aff'd,* 90 P.3d 228 (Colo. 2004). Allegations that a defendant engaged in judicially-approved foreclosure and eviction proceedings is far from such conduct.

Moreover, to assert a negligent infliction of emotional distress claim, a plaintiff "must show that the defendant's negligence created an unreasonable risk of physical harm and caused the plaintiff to be put in fear for his or her own safety, that this fear had physical consequences or resulted in long-continued emotional disturbance[.]" *Draper v. DeFrenchi-Gordineer*, 282 P.3d 489, 496 (Colo. App. 2011). Plaintiff brings no such allegations.

**III. Plaintiff's Motion to Supplement**

In the Motion to Supplement, Plaintiff seeks to amend his operative Complaint via a supplement that: (1) reflects that the property was conveyed to new owners and (2) adds the new owners as defendants. (*See* Doc. No. 39.) The Court recommends this request be denied. Put simply, the additions Plaintiff seeks to make would not survive the dismissal arguments addressed here, nor would they otherwise amount to viable claims. Accordingly, the Motion to Supplement is futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend under Rule 15(a) may be denied when it would be futile); *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir.1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim[.]").

**CONCLUSION**

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 19) be **GRANTED**. The Court recommends that Claim 18 and the portion of claim 31 seeking a declaration that the eviction was invalid be **dismissed without prejudice**, and that all other claims be **dismissed with prejudice**. The Court further

**RECOMMENDS** Plaintiff's Motion for Leave to File a Supplemental Complaint, to Modify the Scheduling Order, and to Join Post-Filing Transferees Pursuant to Fed. R. Civ. P. 15(d), 16(b)(4), 19, 21, AND 25(c) (Doc. No. 39) be **DENIED**.

The Clerk of Court is directed to mail a copy of this Recommendation to Plaintiff:

Mersad Rahmanovic
8228 Maverick Lane
Ordway, CO 81063

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 24th day of August, 2026.

**BY THE COURT:**

Maritza Dominguez Braswell
United States Magistrate Judge